UNITED STATES DISTRICT COURT

DISTRICT OF PUERTO RICO

RECEIVED & FILED
05 AUG -4 PM 4: 33
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, PR

Jose Reyes Reyes,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondant.

Case No. 99-CR-330(PG)

Civil No._____

PETITIONER'S PRO SE
MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. §2255

AND NOW COMES Jose Reyes Reyes, petitioner pro se and prays and respectfully moves this Honorable Court to issue an ORDER TO SHOW CAUSE upon the United States Attorney for the District of Puerto Rico, to respond to petitioner's claim of ineffective assistance of counsel in violation of his Sixth Amendmend right to counsel.

    As grounds for this motion, petitioner submits the following:

I. CASE HISTORY

    On or about September 9, 2002, petitinoer pleaded guilty pursuant to a plea agreement under Rule 11(e)(1)(B) of the Federal Rules of Criminal Procedure, to Count One of the Indictment in Criminal No. 99-CR-330(PG) and Count One of the Indictment in Criminal No. 01-CR-127(JAG), which read as follows:

    **Criminal No. 99-CR-330(PG)**

    Beginning in or about the month of January 1997, the exact date

-1-

being unknown...Jose Reyes-Reyes...did knowingly, intentionally, willfully and unlawfully conspire...and intentionally and ulawfully possess with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §841(a)(1); 841 (b)(1)(A) and 21 U.S.C. §846.

**Criminal No. 01-CR-127(JAG)**

On or about March 13, 2001, in the District of Puerto Rico, and within the jurisdiction of this Court, Jose Reyes-Reyes did knowingly, intentionally and unlawfully attempt to posses, with intent to distribute, in excess of five (5) kilograms of cocaine, in violation of 21 U.S.C. §841 (a)(1) and 846.

The agreed adjustment called for petitioner to be held accountable for at 3.5 kilograms but less than 5 kilograms of cocaine for the purposes of determining a base offense level of 30 pursuant to U.S.S.G. §2D1.1.

The agreement also called for petitioner's role of an organizer, leader, manager or supervisor in the criminal activity, pursuant to §3B1.1(c) of he Guidelines, which increased the base offense level by (2) two levels.

The agreement finally called a reduction of (3) three levels pursuant to §3E1.1 of the Guidelines.

Both indictments were consolidated for sentencing.

In exchange for the plea(s) to Count One of each indictment, the remaining counts were dismissed, including the two firearms counts in Counts Two and Three of Indictment **Criminal No. 01-CR-127(JAG)**.

At the sentencing, the PSI included two points enhancement in the guidelines calculations for weapons possession pursuant §2D1.1(b)(1).  At

-2-

sentencing hearing, counsel objected to the two points enhancement for the firearms possession. Counsel requested the District Court to follow the spirit of the plea agreement, but made no substantial challenge to the factual basis of the enhancement.

Because counsel made no substantial challenge to the factual basis of the enhancement, the distict court agreed with the PSI report and enhanced petitioner's sentence two additional levels to arrive at an adjusted offense level of 34. The district court also awarded the 3 level downward adjustment for acceptance of responsibility to arrive at level 31, for a sentencing range of 108 to 135 months.

The court then sentenced petitioner to 120 months' imprisonment.

Petitioner subsequently requested counsel to file an appeal based upon the enhancement for firearms offense, when the firearms charge(s) were dismissed, and therefore, there should not have been any additional punishment for any firearms possession absent any Act of Congress to authorize it.

Counsel filed an "Anders" brief stating that based upon his reviewing of all documents, including the indictments, the plea agreement, the change of plea hearing transcript, the presentence report, the sentencing transcript and the judgment document, finding no defect in the appeal waiver or any jurisdictional defect, or fundamental defect to the plea colloquoy as to represent a miscarriage of justice, and absent an error the appeal would be frivolous. (See Exhibit "A")

II. ISSUE

The sole issue presented in the instant §2255 motion is whether counsel was ineffective for failing to file an appeal based upon a jursidictional

-3-

defect at the sentencing when petitioner was imprisoned or otherwise detained and given additional punishment absent an Act of Congress to authorize said additional punishment pursuant to the National Firearms Act.

III. <u>RULE OF LAW</u>

Section 2255 states:

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

<u>See</u> 28 U.S.C. §2255.

Title 18 U.S.C. §4001 States:

"No citizen shall be imprisoned or otherwise detained by the United States except pursuant to an Act of Congress."

<u>See</u> 18 U.S.C. §4001.

In this case, petitioner entered into a plea agreement whereby the firearms charges pursuant to 18 U.S.C. §924(c) and 18 U.S.C. §922(g), counts two and three of Indictment No. 01-CR-127(JAG), were dismissed. Therefore, there was not authorization, jurisdictional or otherwise, to impose any additional imprisonment without an Act of Congress pursuant to the National Firearms Act or the Violent Crime Control and Law Enforcement Act of 1994. Therefore there can be no question that counsel was ineffective for failing to prosecute an appeal based upon the jurisdictional defect in the PSI report that recommended that additional jail-time be awarded absent an Act of Congress to authorize it. Counsel did make an objection. The objection fell short

-4-

of the mark when he failed to substaniate any legal challenge to the basis for the enhancement, i.e., an Act of Congress being omitted from the Indictment to authorize said punishment.

This jurisdictional defect could have been raised on direct appeal as jurisdiction cannot be confered upon a district court by consent, inaction or stipulation of the parties. See California v. La Rue, 409 U.S. 109, 112, n.2 & 3 (1972). And petitioner respectfully moves this Honorable Court for an evidentiary hearing on his claim of ineffective assistance of counsel or, in the alternative, grant relief in the form of a resentencing without the additional imprisonment for a firearms charge omitted pursuant to an Act of Congress.

IV. CONCLUSION

WHEREFORE, petitioner Jose Reyes-Reyes respectfully prays and moves this Honorable Court for the following relief:

A) An ORDER TO SHOW CAUSE to be served upon the United States Attorney for the District of Puerto Rico;

B) An ORDER remanding petitioner for a resentencing without the additional imprisonment time for an offense not authorized pursuant to an Act of Congress; (Guidelines Adjusted Level 29, 87-108 months' imprisonment)

C) In the alternative, an ORDER remanding petitioner for an evidentiary hearing on his claim of ineffective assistance of counsel as initmated in his 28 U.S.C. §1746 Certification;

    1. If said evidentiary hearing is ORDERED, appointment of counsel is requested pursuant to 18 U.S.C. §3006A(2)(B);

D) Any such other and further relief this Honorable Court deems

just and appropriate.

Done this 7 day of July, 2005.

Respectfully Submitted,

*Jose Reyes Reyes*
Jose Reyes-Reyes - Pro Se
Reg. No. 21274-069
LSCI Allenwood
P.O. Box 1000
White Deer, PA 17887-1000